**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the matter of: | No. CV-09-00833-PHX-FJM |
| Carl Keith Koch and Tracee Sue Brantley, | **ORDER** |
| Debtors. | |
| Sacks Tierney, P.A., | |
| Appellant, | |
| vs. | |
| Roger Strassburg, et al., | |
| Appellees. | |

The court has before it appellant Sacks Tierney, P.A.'s opening brief and record excerpts (doc. 9) and appellee Roger Strassburg's response (doc. 27) and record excerpts (doc. 20). Appellant did not file a reply.

**I.**

In July 2005, Carl Koch was injured at work and hired appellee to represent him and his wife on a contingency basis. In October 2005, the Koches filed a Chapter 7 voluntary petition in United States Bankruptcy Court, on their own, without scheduling their personal injury claims as assets. Their bankruptcy case was closed in February 2006. The Koches and appellee brought an action against Koch's employer in the Pima County Superior Court

in March 2006. Appellant law firm hired appellee in December 2006. At first, appellee continued to represent the Koches separately. When appellee began spending more time on the Koch matter, he and the firm agreed to a new arrangement to bring it into the firm.[1] In October 2007, the Koches formally engaged the firm as counsel.

On May 23, 2008, appellee left the firm, taking the Koch matter with him. On July 18, 2008, the bankruptcy court reopened the Koches' bankruptcy case after the former estate trustee discovered that there were unscheduled estate assets, the Koches' claims. On the trustee's motion, the bankruptcy court approved professional employment of appellee as special counsel to pursue the claims on August 15, 2008. The trustee and appellee settled the claims with an insurer for $850,000 in October 2008.

On November 14, 2008, the firm filed a proof of claim in bankruptcy court based on its agreement with the Koches. On January 14, 2009, the bankruptcy court approved the settlement and appellee's application for compensation in the amount of $300,000. The following week, appellee moved for final payment and to reject the firm's creditor claim. After the bankruptcy court held a hearing and asked for supplemental briefs, the firm alternatively requested retroactive approval of professional employment. On April 1, 2009, the bankruptcy court granted appellee's motions for payment and to reject the firm's creditor claim and denied the firm's request for retroactive employment approval. The firm appeals.

**II.**

First, the firm contends that the bankruptcy court erred by concluding that it required employment approval under Section 327 of the Bankruptcy Code, 11 U.S.C. § 327, in order to receive compensation for services provided to the Koches' estate from October 2007 to May 2008. Professionals who render services to a Chapter 7 bankruptcy estate must seek an award of compensation from the bankruptcy court under 11 U.S.C. § 330(a)(1). Lamie v. U.S. Tr., 540 U.S. 526, 538-39, 124 S. Ct. 1023, 1032 (2004). Only professionals who were

---

[1] We note that the arrangement between appellee and the firm is not relevant to this appeal. We express no opinion on it.

employed by the trustee and approved by the bankruptcy court under Section 327, before they provided such services, qualify for compensation awards under Section 330(a)(1). <u>Id.</u> Applications for employment approval must come from the trustee or a committee. Rule 2014(a), Fed. R. Bankr. P.

In this case, the firm maintains that requiring Section 327 approval would lead to absurd results because it did not know that the Koches had filed for bankruptcy until after its representation ended, all of its services were provided while the bankruptcy case was closed, and it lacked standing to seek approval after the case was reopened. It also maintains that if it had learned of the Koches' bankruptcy during its representation, it would have been forced to withdraw unless the Koches agreed to reopen their case to permit the administration of the personal injury claims as unscheduled assets. Thus, the firm argues that the bankruptcy court erred as a matter of law when it rejected its claim.

In the context of the firm's rejected proof of claim, its challenge to the application of Section 327 is not before us on appeal. The firm filed a proof of claim as a creditor in November 2008. At the time, it did not seek employment approval or compensation for services provided to an estate. Before the bankruptcy court, the firm argued originally that, because the Koches' bankruptcy case was closed during its representation, it was "an ordinary, run-of-the-mill pre-bankruptcy creditor." <u>Appellant's Record Excerpts, Ex. E</u> at 7. The bankruptcy court rejected the firm's claim because the closing and reopening of the Koches' bankruptcy case did not affect the date of their 2005 voluntary petition, and, therefore, the firm was not a pre-petition creditor. The firm does not challenge this conclusion on appeal. Accordingly, because Section 327 had no bearing on the rejection of its claim, it cannot appeal the rejection based on the bankruptcy court's application of Section 327.

Nevertheless, the firm's Section 327 challenge is properly before us in the context of the bankruptcy court's denial of the firm's request for retroactive approval. In a supplemental brief, the firm requested retroactive employment approval in the alternative. Under exceptional circumstances, "bankruptcy courts possess the equitable power to approve

retroactively a professional's valuable but unauthorized services." In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995). In the course of denying the firm's request, the bankruptcy court concluded that the firm would otherwise require Section 327 approval.

Contrary to the firm's contention, the bankruptcy court applied Section 327 correctly. Courts strictly enforce the Bankruptcy Code's professional approval requirements. In Lamie, the United States Supreme Court held that it was not absurd to deny compensation to a debtor's attorney who was not employed by the trustee and approved by the bankruptcy court after a bankruptcy case was converted from Chapter 11 to Chapter 7, even though he was approved to represent the debtor before the conversion. 540 U.S. at 537-39, 124 S. Ct. at 1031-32. The Court found that "Section 327's limitation on debtors incurring debts for professional services without the Chapter 7 trustee's approval is not absurd. In the context of a Chapter 7 liquidation it advances the trustee's responsibility for preserving the estate." Id. at 537, 1032.

Here, the firm contends that it would be absurd, under the circumstances, to require Section 327 approval for its representation of debtors in connection with unscheduled estate assets. Although no trustee was appointed at the time, denying the firm compensation for its unapproved representation still advances the trustee's responsibility for preserving the estate. Moreover, denying compensation to professionals who do not know that they are providing services to an estate increases their incentive to perform due diligence. The firm asserts that, even if it had known of the Koches' bankruptcy case, it would have faced difficulties had it sought to reopen the case due to its professional obligations to its clients. But the necessity of meeting professional obligations does not justify an exception from the Bankruptcy Code to receive compensation for an unapproved representation. Finally, the firm suggests that it would have been difficult for it to gain Section 327 approval on its own. All professionals seeking approval, however, face the prospect of securing an application on their behalf by the trustee or a committee. Rule 2014(a), Fed. R. Bankr. P. Because the Bankruptcy Code's requirements would not lead to absurd results, we affirm the bankruptcy court's application of Section 327.

**III.**

Second, the firm directly challenges the bankruptcy court's denial of its request for retroactive approval. As mentioned above, bankruptcy courts may retroactively approve a professional's employment as an equitable matter under exceptional circumstances. Atkins, 69 F.3d at 973-74. A professional who seeks retroactive approval must have a satisfactory explanation for his failure to receive prior judicial approval and demonstrate that his services significantly benefitted the estate. Id. at 974. He must also meet the other criteria for approval under Section 327, which exclude professionals who represent or hold adverse interests. Id. at 976. In exercising its discretion, a bankruptcy court may consider additional equitable factors, including whether a professional exhibits a "pattern of inattention or negligence in soliciting judicial approval." Id. at 974 (approving the use of the factors listed in In re Twinton Props. P'ship, 27 B.R. 817, 819-20 (Bankr. M.D. Tenn. 1983)).

We review a bankruptcy court's denial of a request for retroactive approval for an abuse of discretion. Atkins, 69 F.3d at 973. If the bankruptcy court identified the correct legal rule, we then determine whether the bankruptcy court's application of the rule was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009).

The bankruptcy court correctly detailed the requirements for equitable retroactive approval, including the need for a satisfactory explanation and a significant benefit. It denied the firm's request because it found that the firm showed "a lack of diligence which would be fatal to a claim for exceptional circumstances to allow retroactive employment." Appellee's Record Excerpts, Ex. 18 at 47 (hearing transcript). In support, the bankruptcy court referenced the firm's delay in seeking approval after the reopening of the Koches' bankruptcy case, its filing of a proof of claim as a pre-petition creditor when it was not, and its failure to challenge appellee's appointment as special counsel. All of these events occurred after the firm's representation of the Koches ended in May 2008. While a professional's delay in seeking approval while services are still being rendered is more serious than a delay in seeking retroactive approval after employment has ended, Atkins, 69

F.3d at 977 n.8, the bankruptcy court was well within its discretion to deny the firm's request because of post-employment inattention. And its finding of a lack of diligence is supported by the record. Accordingly, we affirm the bankruptcy court's denial of the firm's request for retroactive employment approval.

**IT IS THEREFORE ORDERED AFFIRMING** the judgment of the bankruptcy court. We express no opinion on potential remedies the firm may have against its former employee.

DATED this 5th day of March, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge